**ORIGINAL**

# In the United States Court of Federal Claims

No. 11-160C

(Filed: June 18, 2014)
**(NOT TO BE PUBLISHED)**

**FILED**

JUN 1 8 2014

U.S. COURT OF
FEDERAL CLAIMS

```
************************************
                                    )
LAWRENCE MENDEZ, JR.,               )
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )
UNITED STATES,                      )
                                    )
            Defendant.              )
                                    )
************************************
```

## OPINION AND ORDER

LETTOW, Judge.

Pending before the court is plaintiff's motion for reconsideration of the judgment entered in this case on December 21, 2012. *See Mendez v. United States*, 108 Fed. Cl. 350 (2012), *aff'd*, 540 Fed. Appx. 986 (Fed. Cir. 2013), *cert denied*, 134 U.S. 1281 (2014).[1] Mr. Lawrence Mendez, Jr. contends that the judgment on the administrative record entered by the court failed to rectify an improperly prepared fitness report that resulted in his two failed attempts at promotion and consequent involuntary discharge from the United States Marine Corps. Moving under Rule 59(a) of the Rules of the Court of Federal Claims ("RCFC"), Mr. Mendez seeks reinstatement, correction of his military records, and reconsideration for promotion. Pl.'s Mot. to Request Recons. of Judgment on the Admin. R. ("Pl.'s Mot."), ECF No. 34. Because his motion is untimely under Rule 59(a), the court will deem it as a motion for relief from judgment under RCFC 60(b).[2]

---

[1] This case was previously considered and decided by an assigned judge who has retired from service. When Mr. Mendez filed his motion for reconsideration, the case was randomly reassigned.

[2] RCFC 59(b)(1) provides that a motion for reconsideration must be filed within 28 days after the entry of judgment. *See also* RCFC 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Mr. Mendez's motion falls well outside that time limit. *See infra*, at 4-5, for a more complete discussion of the applicable rules.

# BACKGROUND

Mr. Mendez formerly served as an officer of the United States Marine Corps. *See Mendez*, 540 Fed. Appx. at 987. In September 2006, he became Adjutant of the 1st Battalion, 12th Marine Regiment, 3rd Marine Division, and in March 2007, he was deployed to Iraq with his unit as part of Operation Iraqi Freedom. *Id.* In July 2007, Mr. Mendez's commanding officer relieved him of his duties. *Id.* Following this removal, Mr. Mendez received a Marine Corps Fitness Report evaluating his performance from February 1, 2007 to July 28, 2007. *Id.*

The report described Mr. Mendez as deficient in several evaluation categories, including Mission Accomplishment, Individual Character, Leadership, and Intellect and Wisdom. *Mendez*, 540 Fed. Appx. at 987. The reporting senior who prepared the report deemed Mr. Mendez's performance "unsatisfactory" and recommended he "not be considered for promotion with [his] contemporaries." *Id.* (alteration in original). Mr. Mendez promptly submitted a rebuttal, providing his own account of the events at issue and challenging the reporting senior's findings. *Id.* In compliance with Marine Corps Order P1610.7F, two senior officers reviewed the report and Mr. Mendez's rebuttal. *Id.* at 987-88.

The first review was conducted by a reviewing officer who assessed Mr. Mendez's adverse fitness report and adjudicated factual differences between the reporting senior's evaluation and Mr. Mendez's statement. *Mendez*, 540 Fed. Appx. at 988. The reviewing officer identified a number of inconsistencies between the evaluation and the statement; however, he resolved many in favor of the reporting senior, confirming, for instance, that Mr. Mendez micromanaged his Marines, replaced scheduled training exercises with entertainment, neglected to coordinate with overseers, and failed properly to assist a Marine whose spouse was to undergo surgery. *Mendez v. United States*, 103 Fed. Cl. 370, 373 (2012). Mr. Mendez responded to the reviewing officer's findings with a three-page rebuttal, which required further review. *Id.* at 373-74.

The second review was conducted by a Third Officer Sighter ("TOS"), a brigadier general who examined the fitness report, the review, and Mr. Mendez's responses. *Mendez*, 540 Fed. Appx. at 988. The TOS acknowledged areas of disagreement between the officers' evaluations and Mr. Mendez's statements, but he confirmed the first two officers' findings, ultimately concluding that Mr. Mendez did in fact fail "to perform his duties to the satisfaction of both the [reporting senior] and the [reviewing officer]." *Id.* (alterations in original).

Subsequently, on December 8, 2008, Mr. Mendez appealed his adverse fitness report and filed an Application for Correction of Military Record with the Board for Correction of Naval Records ("Correction Board"), requesting removal of the report from his military record. *Mendez*, 540 Fed. Appx. at 988. The Marine Corps Performance Evaluation Review Board ("Review Board") addressed his application and advised the Correction Board that the report was administratively correct, procedurally complete, and fit to remain part of Mr. Mendez's record. *Id.* Mr. Mendez submitted a rebuttal, insisting that the fitness report was untrue and unjust, but the Correction Board denied his removal request. *Id.* On August 21, 2009, Mr. Mendez filed a request for reconsideration, which was denied on April 9, 2010. *Mendez*, 103 Fed. Cl. at 374-75.

2

The Marine Corps discharged Mr. Mendez in September 2010 after he was twice denied promotion to the rank of captain. *Mendez*, 540 Fed. Appx. at 988.

On March 14, 2011, Mr. Mendez filed a complaint in this court, alleging that both the preparation and review of his fitness report violated Marine Corps Order P1610.7F. The defective report, he contended, led to his non-selection for promotion and involuntary removal from the Marine Corps. *Mendez*, 540 Fed. Appx. at 988. Mr. Mendez sought reinstatement and back pay, as well as removal of the report from his military record. *Id.* Both Mr. Mendez and the United States filed cross-motions for judgment on the administrative record. *Id.*

This court issued its decision on January 31, 2012, granting judgment on the merits in favor of the United States on all but one issue. *See Mendez*, 103 Fed. Cl. at 382-85. The court concluded that the report was properly prepared and reviewed, but it determined that the TOS failed to resolve all factual inconsistencies between the reviewing officer's report and Mr. Mendez's rebuttal, as required by the pertinent regulation. *Id.* at 382. The TOS had omitted to resolve whether Mr. Mendez had actually failed to identify all available options that might have assisted a young Marine in need of in-home care for his wife. *Id.* at 382. The reviewing officer's finding of failure had detracted from Mr. Mendez's leadership evaluation. *Id.* Because the TOS could easily have verified the reviewing officer's finding, the court remanded the case with an instruction for the Correction Board to review and resolve the discrepancy regarding Mr. Mendez's actions in responding to the medical situation of a Marine's wife and reconsider Mr. Mendez's application. *Id.* at 384.[3]

On remand, the Correction Board removed the reference to the factual inconsistency regarding in-home care options and modified and reconsidered Mr. Mendez's modified report, but again denied his application, "finding that the evidence did not establish a probable material error or injustice." *Mendez*, 108 Fed. Cl. at 355. The Correction Board decided that the modified report still rendered Mr. Mendez ineligible for promotion. *Id.* On further proceedings before the court, both parties renewed their cross-motions for judgment on the administrative record, and on December 20, 2012, the court upheld the Correction Board's decision to modify, but not to remove, Mr. Mendez's report. *Id.* at 355, 357. Mr. Mendez filed a timely appeal with the Court of Appeals for the Federal Circuit. *Mendez*, 540 Fed. Appx. at 990.

On September 17, 2013, the Federal Circuit affirmed the court's decision, holding that Mr. Mendez failed to show that the Correction Board acted arbitrarily, capriciously, contrary to law, or without substantial evidence when it modified but retained his adverse report. *Mendez*, 540 Fed. Appx. at 992. The Federal Circuit reiterated that Mr. Mendez's reviewers sufficiently relayed a comprehensive picture of his performance. *Id.* at 990-91. Moreover, his allegations of unresolved factual discrepancies had been appropriately dismissed or cured at the trial level. *Id.*

---

[3]At issue was a factual dispute whether in-home assistance for the Marine's wife was available through Tricare. The availability of this insurance option would have alleviated the need for the Marine's emergency leave, a solution disfavored by the Corps. *See Mendez*, 103 Fed. Cl. at 372.

at 991-92.[4] Mr. Mendez submitted a petition for panel rehearing, which was denied on October 25, 2013. *See* Pl.'s Mot. at 4. He then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on February 24, 2014. *Mendez v. United States*, __ U.S. __, 134 S. Ct. 1281 (2014).

On March 26, 2014, Mr. Mendez filed the pending motion in this court, requesting reconsideration of this court's prior decision, limited to issues not addressed by the Federal Circuit. *See* Pl.'s Mot.[5] Mr. Mendez contends that the trial court's decision was wrong under 10 U.S.C. § 1558(f)(3) because it did not account for the Correction Board's failure to find and correct the injustice against him. *Id.* at 4-5. Moreover, he avers that the court's decision was incomplete, arguing that the court never determined whether the defective report led to his non-selection and never required the United States to submit a complete administrative record. *Id.* at 5-7. Finally, Mr. Mendez argues that the decision failed to sanction military officials who did not follow proper procedures in preparation of the pertinent fitness report. *Id.* at 7-11. He renews his request for reinstatement, correction of his military records, reconsideration for promotion, and other ancillary elements of relief. *Id.* at 15.

## ANALYSIS

RCFC 59(a) and 60(b) set forth the applicable standards for reconsideration of and relief from final judgments or orders. *Osage Tribe of Indians of Oklahoma v. United States*, 97 Fed. Cl. 345, 348 (2011). In his motion, Mr. Mendez urges reconsideration under Rule 59(a) to correct an injustice. *See* Pl.'s Mot. at 1.[6] Motions under RCFC 59(a)(1)(A) and (B) must be

---

[4]The Federal Circuit rejected Mr. Mendez's attempt to argue that Review Board's comments were inconsistent with Paragraph 1610.11D of the Marine Corps order, because he had raised this issue for the first time on appeal, *Mendez*, 540 Fed. Appx. at 992, stating that "[a]rguments not made in the trial court are normally considered waived in the absence of exceptional circumstances," *id.* (citing *Gant v. United States*, 417 F.3d 1328, 1332 (Fed. Cir. 2005)).

[5]Mr. Mendez also contends that under RCFC 61, which relates to harmless error, the court must take note of all defects in the court's decision insofar as they affected his substantial rights to fair consideration and correction of injustice. Pl.'s Mot. at 1, 14. Because this argument relates to the merits of the court's determination, it will not be discussed separately.

[6]RCFC 59(a)(1) states:

> The court may . . . grant a new trial or a motion for reconsideration
> on all or some of the issues—and to any party—as follows: (A) for
> any reason for which a new trial has heretofore been granted in an
> action at law in federal court; (B) for any reason for which a
> rehearing has heretofore been granted in a suit in equity in federal
> court; or (C) upon the showing of satisfactory evidence,
> cumulative or otherwise, that any fraud, wrong, or injustice has
> been done to the United States.

filed within 28 days of final judgment. *See* RCFC 59(b)(1). While a two-year window exists under Rule 59(a)(1)(C), that Subparagraph is limited to injustices against the United States and therefore cannot provide the basis for relief on the part of a private litigant. *See* RCFC 59(a)(1)(C), (b)(2). Judgment in this case was entered on December 21, 2012, rendering Mr. Mendez's motion for reconsideration submitted March 26, 2014 untimely under RCFC 59.

A late motion for reconsideration under RCFC 59(a) may be treated as a motion for relief from judgment under RCFC 60(b). *See* 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.11[4][b] (3d ed. 2012); *see also Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991) (holding that an untimely motion under Rule 59 to modify or set aside judgment, other than for clerical error, may be properly reviewed as a motion under Rule 60(b)). While RCFC 60(b) is not a substitute for timely appeals, it provides for relief from final judgments in certain circumstances:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

RCFC 60(b). Motions based on the first three grounds listed in Rule 60(b) are subject to a one-year limitations period, while those based on the remaining grounds must be made within a "reasonable time." RCFC 60(c)(1); *see also Adams v. United States*, No. 99-933C, 2011 WL 1583871, at *1 (Fed. Cl. Apr. 26, 2011). A decision to grant reconsideration under RCFC 60(b), including a decision as to whether a motion was brought within a "reasonable time," lies within the court's discretion. 12 *Moore's Federal Practice*, § 60.22[1]; *see also Osage Tribe*, 97 Fed. Cl. at 348 (citing *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

RCFC 60(b)(1) is not available to Mr. Mendez because he filed his motion more than a year after the entry of judgment, and Mr. Mendez in his motion did not specify any grounds falling within RCFC 60(b)(2)-(5). Thus, the motion may only be considered under RCFC 60(b)(6), which authorizes courts to grant relief from final judgments for "other reason[s]."

RCFC 60(b)(6) is typically referred to as a "catch-all" provision, allowing courts to exercise their discretion to do justice in particular cases. *See Infiniti Info. Solutions, LLC v. United States*, 93 Fed. Cl. 699, 704 (2010) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106 (4th Cir. 1979)). Nonetheless, courts are limited in their ability to grant motions under this portion of the Rule. To qualify for relief, "(1) the grounds asserted for relief must not be the

same as those listed in Rule 60(b)(1)-(5), and (2) there must be a valid reason that justifies according the relief, usually broadly described as 'extraordinary circumstances.'" *Id.* (citing *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)).  Here, Mr. Mendez's motion survives Rule 60(b)(6)'s mutual exclusivity requirement,[7] so the question becomes whether he has presented evidence of extraordinary circumstances to justify relief.

To satisfy the "extraordinary circumstances" requirement, movants typically must show that they were prevented from filing for reconsideration through no fault of their own.  *See* 12 *Moore's Federal Practice* § 60.48[3][b].  The Supreme Court has described such circumstances as "the difference between choice and no choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence." *Ackermann v. United States*, 340 U.S. 193, 202 (1950).  Relief is reserved for those who have been unable to proceed with appeals or motions under RCFC 59 for reasons beyond their control. *Infiniti Info. Solutions*, 93 Fed. Cl. at 706 (citing *Bank of Am., FSB v. United States*, 70 Fed. Cl. 246, 253 n.8 (2006)).  Generally speaking, parties may not use Rule 60(b)(6) as a "do-over" for failing or neglecting to raise particular issues in their initial motions on appeals.  *See id.* at 706 (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2864 (2d. ed. 1995)); *see also Matthews v. United States*, 73 Fed. Cl. 524, 525 ("A motion for reconsideration is not intended . . . to give an unhappy litigant an additional chance to sway the court." (internal citations and quotations omitted)).

Here, Mr. Mendez was free to file a motion for reconsideration promptly after the judgment entered in December 2012; yet, he did not.  His appeal to the Federal Circuit and his petition for certiorari in the Supreme Court did not prevent or excuse him from seeking timely relief from this court.[8]  Moreover, although Mr. Mendez has limited his motion for reconsideration to issues not considered or decided at the appellate level, he has not alleged any extenuating circumstances that prevented him from raising these issues earlier.  He may not now seek to rescue himself from the effects of an adverse outcome.

---

[7]Mr. Mendez mentions "fraud" at several places in his motion, but in a context where he is objecting to the substance of decisions previously rendered.  For example, he implies that the Correction Board's failure to remove his record after modification was a manifest abuse of discretion amounting to bad faith or fraud. Pl.'s Mot. at 12.  Moreover, he alleges that the court's earlier decision blatantly ignored precedent, rendering it a fraud. *Id.* at 14.  Neither argument, however, supports a claim for relief from judgment under RCFC 60(b)(3) on grounds of fraud by an opposing party.

[8]*See* 12 *Moore's Federal Practice* § 60.65[2][d] (advising that virtually all courts agree that pending appeals do not toll the running of the one-year-period for filing a motion under Rule 60(b)(1), (2), or (3)).  The same circumstance applies to motions that must be made within a reasonable time under Rule 60(b)(4), (5), or (6).

## CONCLUSION

For the reasons stated, Mr. Mendez's motion for relief from the judgment previously entered on December 21, 2012 is **DENIED**.

It is so **ORDERED**.

Charles F. Lettow
Judge